FORM 26. Docketing Statement

Form 26 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## DOCKETING STATEMENT

**Case Number:** 2023-1446

**Short Case Caption:** Focus Products Group International, LLC v. Kartri Sales Co., Inc.

**Filing Party/Entity:** Kartri Sales Co., Inc.

**Instructions:** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. Refer to the court's Mediation Guidelines for filing requirements. An amended docketing statement is required for each new appeal or cross-appeal consolidated after first filing.

| Case Origin | Originating Number | Type of Case |
|---|---|---|
| S.D.N.Y. | 1:15-cv-10154-PAE | Patent |

**Relief sought on appeal:** ☐ None/Not Applicable

See Attachment A

**Relief awarded below (if damages, specify):** ☐ None/Not Applicable

See Attachment B

**Briefly describe the judgment/order appealed from:**

See Attachment C

**Nature of judgment (select one):**  **Date of judgment:** 12/22/22

☒ Final Judgment, 28 USC § 1295
☐ Rule 54(b)
☐ Interlocutory Order (specify type) _____
☐ Other (explain) _____

FORM 26. Docketing Statement                                                          Form 26 (p. 2)
                                                                                         July 2020

Name and docket number of any related cases pending before this court, and the name of the writing judge if an opinion was issued.  ☐ None/Not Applicable

> Focus Products Group International, LLC v. Kartri Sales Co., Inc.  2023-1450

Issues to be raised on appeal:  ☐ None/Not Applicable

> Whether the case should be dismissed for improper venue; whether the District Court erred in its claim constructions and/or its subsequent grant of summary judgment of patent infringement; whether the asserted trade dress is invalid; whether the District Court erred in finding trademark and trade dress infringement; whether the District Court erred in finding willfulness; and whether the District Court erred in issuing monetary damages.

Have there been discussions with other parties relating to settlement of this case?
☑ Yes   ☐ No

If "yes," when were the last such discussions?
☐ Before the case was filed below
☐ During the pendency of the case below
☑ Following the judgment/order appealed from

If "yes," were the settlement discussions mediated?   ☐ Yes   ☑ No

If they were mediated, by whom?

> The most recent discussions were not mediated.

Do you believe that this case may be amenable to mediation? ☑ Yes   ☐ No
Explain.

> Appellant no longer makes or sells the products that were litigated, and has sound venue, invalidity, and noninfringement arguments on appeal.  Appellant believes that a business solution to resolve this matter could be reached.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

>

Date: 2/15/23                    Signature:  /s/ Patrice P. Jean

                                 Name:       Patrice P. Jean

Save for Filing

**Attachment A:   Relief Sought on Appeal**

The relief sought on appeal is reversal of the District Court's judgment and orders, and dismissal of the complaint.  In particular:

1. Dismissal for improper venue;

2. Reversal of erroneous claim constructions;

3. Reversal of summary judgment of patent infringement, which relied on the erroneous claim constructions;

4. Judgment of invalidity of Plaintiffs-Appellants' asserted trade dress;

5. Reversal of judgment of trademark and trade dress infringement;

6. Reversal of finding of willful infringement;

7. Reversal of finding of unfair competition;

8. Reversal of all monetary damages awards.

**Attachment B: Relief Awarded Below**

1. The District Court awarded lost profits of $970,324, enhanced to $2,783,687; and reasonable royalty of $53,907, enhanced to $154,649, for infringement of patents and trade dress.

2. The District Court enjoined Appellant from infringing or unfairly competing with asserted trademarks and trade dress.

**Attachment C: Judgment/Orders Appealed From:**

1. Dkt. 501 – December 22, 2022 Order awarding damages and injunctive relief following findings of patent, trademark, and trade dress infringement, as well as willfulness;

2. Dkt. 312 – January 4, 2021 Opinion & Order on motion for reconsideration, finding trade dress valid;

3. Dkt. 302 – May 4, 2020 Order denying motion for reconsideration of summary judgment order;

4. Dkt. 297 – April 16, 2020 Opinion & Order on motions for summary judgment, granting summary judgment of patent infringement;

5. Dkt. 198 – August 9, 2018 Opinion & Order regarding claim construction;

6. Dkt. 170 – December 22, 2017 Order denying motion to dismiss or transfer for improper venue.