FORM 26. Docketing Statement                                    Form 26 (p. 1)
                                                                   July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## DOCKETING STATEMENT

**Case Number:** 23-1446

**Short Case Caption:** Focus Products Group International, LLC v. Kartri Sales Co., Inc.

**Filing Party/Entity:** Plaintiffs-Appelles (Focus Products Group et al.)

> **Instructions:** Complete each section or check the box if a section is intentionally blank or not applicable. Attach additional pages as needed. Refer to the court's Mediation Guidelines for filing requirements. An amended docketing statement is required for each new appeal or cross-appeal consolidated after first filing.

| Case Origin | Originating Number | Type of Case |
|---|---|---|
| S.D.N.Y | 1:15-cv-10154 | Patent & Trademark |

**Relief sought on appeal:** ☑ None/Not Applicable

Plaintiffs-appelless have not appealed the lower court decision.

**Relief awarded below (if damages, specify):** ☐ None/Not Applicable

The Court awarded plaintiffs' damages (partially lost profits and the remainder a reasonable royalty) for defendants' infringement from 10-16-13 to 11-15-18, and trebled the award was trebled for the period 3-1-15 to 11-15-18 due to the willful infringement.  The final enhanced award amounts to $2,938,337.   The Court enjoined both defendants (Kartri and Marquis Mills) from infringing or unfairly competing with the EZ-ON Mark and the Trade Dress under the Lanham Act, and from unfairly competing with the EZ-ON Mark and the Trade Dress under New York law. The Court further enjoined Kartri from infringing or unfairly competing with the HOOKLESS® Mark under the Lanham Act, and from unfairly competing under New York law.

**Briefly describe the judgment/order appealed from:**

Kartri appealed from the court's 168 page opinion finding patent, trademark, and trade dress infringement, damages, and willfulness.  However, the Court has not entered a final judgment yet, nor can it, since a determination is still pending on, inter alia, the issues of costs and pre- and post-judgment interest (which are pending as part of a motion for attorneys' fees).  Since there is no final judgment, Plaintiffs-appellees have moved to dismiss this appeal as being premature.

**Nature of judgment (select one):**      **Date of judgment:** _____

☐ Final Judgment, 28 USC § 1295
☐ Rule 54(b)
☐ Interlocutory Order (specify type) _____
☑ Other (explain)                        There is no final judgment yet, just an Opinion and Order.

FORM 26. Docketing Statement                                          Form 26 (p. 2)
                                                                        July 2020

Name and docket number of any related cases pending before this court, and the name of the writing judge if an opinion was issued. ☑ None/Not Applicable

Issues to be raised on appeal: ☑ None/Not Applicable

Focus has not appealed the opinion by the court below.

Have there been discussions with other parties relating to settlement of this case?
☑ Yes    ☐ No

If "yes," when were the last such discussions?
  ☐ Before the case was filed below
  ☑ During the pendency of the case below
  ☑ Following the judgment/order appealed from

If "yes," were the settlement discussions mediated?   ☑ Yes    ☐ No

If they were mediated, by whom?

Magistrate Judge Ronald L. Ellis, and Magistrate Judge Stewart D. Aaron (after Judge Ellis' retirement), mediated on multiple occasions.

Do you believe that this case may be amenable to mediation? ☐ Yes   ☑ No

Explain.

The parties have engaged in 5 mediations during the pendency of this litigation (not including the many settlement discussions outside of mediation), in a case that lasted over 7 1/2 years. Focus even explored settlement after the court's Dec. 22, 2022 Opinion. But defendants were not receptive to the settlement overtures.

Provide any other information relevant to the inclusion of this case in the court's mediation program.

Kartri is now engaged in yet another accused willful infringement, which is pending before the lower court in a new case. See, Keeco LLC et al v. Kartri Sales Company, Inc., SDNY 1:23-cv-02003 (PAE). (Keeco is Focus' successor in interest.)

Date: 3/14/23                 Signature:  /s/ Morris E. Cohen

                              Name:       Morris E. Cohen

Save for Filing