**2023-1446, 2023-1450, 2023-2148, 2023-2149**

**UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

**FOCUS PRODUCTS GROUP INT'L LLC, ZAHNER DESIGN GROUP, LTD., HOOKLESS SYSTEMS OF NORTH AMERICA, INC., SURE FIT HOME PRODUCTS, LLC, SURE FIT HOME DECOR HOLDINGS CORP., SF HOME DECOR, LLC,**

Plaintiffs - Appellees,

v.

**KARTRI SALES CO., INC., MARQUIS MILLS, INTERNATIONAL, INC.,**

Defendants - Appellants.

Appeal from the United States District Court
for the Southern District of New York
Judge Paul A. Engelmayer
SDNY Civil Action No. 15-cv-10154

**PLAINTIFFS-APPELLEES' MOTION
TO INCLUDE DOCUMENTS OF RECORD IN JOINT APPENDIX
OR FOR LEAVE TO FILE SUPPLEMENTAL APPENDIX**

Plaintiffs-Appellees ("Focus") move for an order directing the Defendants-Appellants to include in the Joint Appendix certain documents of record that Focus plans to rely on in Focus' principal brief, based on the arguments in Defendants-Appellants' opening briefs. In the alternative, Focus seeks leave to file a Supplemental Appendix including the documents. Defendants-Appellants Kartri Sales Co., Inc. ("Kartri") and Marquis Mills International, Inc. ("Marquis," collectively, "Defendants-Appellants") oppose the addition of the documents to the Joint Appendix.

## ARGUMENT

On August 16, 2023, Defendants-Appellants provided Focus with Appellants' proposed list of materials to be included in the Appendix, pursuant to FRAP 30(b)(1). On August 21st and 25th Focus responded with a detailed list of additional materials that needed to be included.

Kartri and Marquis filed their opening briefs on September 11th. The next day, they first provided a link to a draft Appendix having page numbers stamped on the bottom.

Upon review of Kartri and Marquis's briefs, Focus was dismayed to discover that Defendants-Appellants are asserting new arguments that had not been raised below, and arguments and defenses that were waived below. Accordingly, Focus's brief is forced to cite documents in the record which are responsive to

those arguments, and show that they were waived. Had Kartri and Marquis not raised new arguments that were waived, there would have been no need for this motion. Focus fully explained this to Kartri and Marquis. Yet, when Focus asked Kartri and Marquis to add the relevant documents to the Joint Appendix, they refused,[1] and alleged that they cannot do so under this Court's rules. This is contrary to the spirit of FRAP 30: "The parties are encouraged to agree on the contents of the appendix." FRAP 30(b)(1).

The following are the documents from the record below that Focus seeks to add to the Joint Appendix, to direct the Court's attention to them under FRAP 30(a)(1)(D), to counter the waived arguments:

1) Kartri's Answer of July 28, 2016 to Focus' Third Amended Complaint (Dkt. 69)

2) Kartri's Answer of October 13, 2017 to Focus' Fourth Amended Complaint (Dkt. 150);

3) Defendants-Appellants' Brief of April 17, 2019 in Support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment (Dkt. 253);

4) Hearing Transcript with Court's Oral Rulings of August 5, 2021 (Dkt. 412);

5) Defendants-Appellants' Post-Trial Proposed Findings of Fact and Conclusions of Law dated August 25, 2022 (Dkt. 500).

---

[1] Defendants-Appellants' briefs also cite materials which were not of record below. Focus asked them to withdraw those documents, but they refused that too. Focus will address this issue in Focus' principal brief, as per Fed. Cir. R. 27(e).

Each of these documents are responsive to arguments made by Kartri and Marquis in their opening briefs. Documents (1) and (2) show the affirmative defenses and counterclaims that Kartri asserted below – and more importantly what Kartri did **not** assert, constituting a waiver. Documents (3) and (5) show the arguments that Kartri and Marquis asserted on summary judgment and after trial, and again, which arguments they did not assert, constituting a waiver. (Pursuant to Fed. Cir. R. 30(a)(1)(F) it is permissible to include these documents in the Appendix, even though these are briefs, since the issue of waiver and the propriety of summary judgment are both at issue). Document (4) evidences the district court's rulings on various motions-in-limine, including, but not limited to, the district court's ruling barring Defendants from at trial raising defenses which Defendants did not plead.

It is important for this Court to be able to readily access these documents to rule on Focus' position that Kartri and Marquis are asserting many legally improper arguments which are not cognizable on appeal. More specifically, it is well-established that arguments not raised below are waived under Second Circuit procedural law (which is applicable since this case originates from New York). As the Second Circuit has held, "[t]he law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below … and where that party has had ample opportunity to make the point in the

trial court in a timely manner … waiver will bar raising the issue on appeal." *United States v. Braunig*, 553 F.2d 777, 780 (2d Cir. 1977) (citations omitted). *See also, VR Optics*, 2023 U.S. App. LEXIS 3678, *21 (Fed. Cir. Feb. 16, 2023), citing *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (this Court's holding that arguments available to a party below but not raised by it at summary judgment are waived on appeal under Second Circuit law).

Until Focus received Kartri and Marquis's briefs, Focus had no way of knowing that Defendants-Appellants would be proceeding contrary to law in asserting new and waived arguments. Nor could Focus have known the substance of Defendants-Appellants' arguments beforehand.

Thus, Kartri and Marquis's actions have necessitated the citation of these five documents, and their addition to the Joint Appendix. Namely, Focus' brief will respond to Kartri and Marquis's briefs by citing pages from the documents filed by Kartri and Marquis below. Thereby, Focus will demonstrate the many new arguments which they did **not** assert below, constituting a waiver of those arguments.

Kartri and Marquis should not be allowed to continue to block Focus from including these documents in the Joint Appendix. This Court has the right to see the relevant documents from the record below. Moreover, it is far more convenient for this Court to access the documents by flipping within the pages of the Joint

Appendix at its fingertips, than for each member of the Court and the Court's clerks to have to go into the docket of the lower court and retrieve each of the five documents.

Moreover, the Joint Appendix is still only in draft form. It has not been finalized or printed, so it is a trivial matter to add a few documents. In fact, the Appendix cannot be finalized and printed until Focus files its principal brief and Kartri and Marquis file their replies. Only after all the briefs have been filed can the parties determine which pages in the Draft Appendix have been cited, so that the parties can delete uncited pages, pursuant to Fed. Cir. R. 30(a)(1)(B), to finalize the Appendix.

As a result, Focus seeks an order directing Kartri and Marquis to include these documents in the Joint Appendix.

Alternatively, Focus seeks leave to file to file a Supplemental Appendix including these documents. To be sure, Focus prefers to include the documents in the Joint Appendix itself, for the Court's convenience, so that the Court has one Appendix before it, rather than two separate appendices. Indeed, the requirement in the rules for a *Joint* Appendix is presumably meant to achieve such increased efficiency, instead of having separate appendices from each party. Focus is trying to achieve these goals of efficiency and convenience, but Kartri and Marquis's opposition has regrettably necessitated this motion.

Focus also respectfully requests that the date for its brief be after the Court's ruling on this motion, so that Focus can insert citations in its brief in accordance with the Court's ruling.  In addition, should this motion be granted, Focus requests a brief period thereafter to coordinate with Defendants-Appellants to add the documents to the Appendix and then to insert the Appendix cites in Focus' brief.

**CONCLUSION**

Good cause exists for Focus to include these five documents in the Joint Appendix.  They are directly responsive to the arguments in Kartri's and Marquis's principal briefs, arguments which Focus could not have known before receiving the briefs.  It is far more efficient for this Court to have these documents in the Joint Appendix, rather than requiring each member of the panel and their clerks to have to access the docket below to pull five documents from over eight years of litigation.  And the Joint Appendix is still only in draft form, so it is a minor matter to add these documents, but for Defendants-Appellants' refusal to cooperate.

Accordingly, granting of Focus' motion is respectfully requested.

Dated:  November 17, 2023        */s/ Morris E. Cohen*
                                 Morris E. Cohen
                                 Lee A. Goldberg
                                 GOLDBERG COHEN LLP
                                 1350 Avenue of Americas, 3rd Floor
                                 646-380-2084 (telephone)
                                 646-514-2123 (facsimile)
                                 mcohen@goldbergcohen.com

                                 *Counsel for Appellants*

# CERTIFICATE OF INTEREST

Counsel for Plaintiffs-Appellants certifies the following:

1. The full name of the parties represented by me:

    **Focus Products Group International LLC;**
    **Zahner Design Group Ltd.;**
    **Hookless Systems of North America, Inc.;**
    **SF Home Décor LLC;**
    **Sure Fit Home Décor Holdings Corp.; and**
    **Sure Fit Home Products LLC.**

2. Name of real-party-in-interest represented by me:

    **Same.**

3. Parent corporations and publicly held companies that own 10% or more of stock in the party:

    **For Sure Fit Home Products, LLC: parent is SF Home Décor LLC.**

    **For Sure Fit Home Décor Holdings Corp.: parent is Keeco LLC.**[2]

    **For SF Home Décor LLC: parent is Keeco, LLC (see also n.2)**

    **For Hookless Systems of North America, Inc.: parent is Zahner Design Group, Ltd.**

    **For Zahner Design Group, Ltd.: None.**

---

[2] Keeco LLC acquired Hollander Sleep Products LLC, who had previously acquired Sure Fit Home Décor Holdings Corp., who was the parent of SF Home Décor LLC.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

> **Morris E. Cohen; Lee A. Goldberg; Limor Wigder; of Goldberg Cohen LLP;**
>
> **Donald Rhoads of the Rhoads Legal Group P.C.**

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b):

> **Keeco LLC v. Kartri Sales Company, Inc., SDNY Civil Action No. 1:23-cv-02003 (PAE)**

6. Pursuant to Fed. Cir. Rule 47.4(6), all information required by Federal Rule of Appellate Procedure 26.1(b) and (c) that identifies organizational victims in criminal cases and debtors and trustees in bankruptcy cases.

   Per F.R.App.P. 26.1 (b): Organizational Victims in Criminal Cases. In a criminal case, unless the government shows good cause, it must file a statement that identifies any organizational victim of the alleged criminal activity. If the organizational victim is a corporation, the statement must also

disclose the information required by Rule 26.1(a) to the extent if can be obtained through due diligence.

**None (and Not Applicable).**

Per F.R.App.P. 26.1 (c):  Bankruptcy Cases. In a bankruptcy case, the debtor, the trustee, or, if neither party, the appellant must file a statement that: (1) identifies each debtor not named in the caption; and, (2) for each debtor that is a corporation, discloses the information required by Rule 26.1(a).

**None (and Not Applicable).**

Dated:  November 17, 2023  */s/ Morris E. Cohen*
Morris E. Cohen
GOLDBERG COHEN LLP
1350 Avenue of Americas, 3rd Floor
646-380-2084 (telephone)
646-514-2123 (facsimile)
mcohen@goldbergcohen.com

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(a). This response contains 1338 words excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(d)(2)(A) (which number of words is well below the 5,200 word limit set forth in Federal Rule of Appellate Procedure 27(d)(2)(A)).

2. This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The motion has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14 point font New Times Roman.

Dated: November 17, 2023    */s/ Morris E. Cohen*
Morris E. Cohen
GOLDBERG COHEN LLP
1350 Avenue of Americas, 3rd Floor
646-380-2084 (telephone)
646-514-2123 (facsimile)
mcohen@goldbergcohen.com

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PLAINTIFFS-APPELLEES' MOTION FOR LEAVE TO FILE A RESPONSIVE BRIEF WITH COMMENSURATE VOLUME** is being served on counsel of record via CM/ECF on November 17, 2023.

Dated:  November 17, 2023　　　　　　*/s/ Morris E. Cohen*
　　　　　　　　　　　　　　　　　　Morris E. Cohen
　　　　　　　　　　　　　　　　　　GOLDBERG COHEN LLP
　　　　　　　　　　　　　　　　　　1350 Avenue of Americas, 3rd Floor
　　　　　　　　　　　　　　　　　　646-380-2084 (telephone)
　　　　　　　　　　　　　　　　　　646-514-2123 (facsimile)
　　　　　　　　　　　　　　　　　　mcohen@goldbergcohen.com

　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs-Appellees*