**2023-1446, 2023-1450, 2023-2148, 2023-2149**

**UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

**FOCUS PRODUCTS GROUP INTERNATIONAL, LLC, ZAHNER DESIGN GROUP, LTD., HOOKLESS SYSTEMS OF NORTH AMERICA, INC., SURE FIT HOME PRODUCTS, LLC, SURE FIT HOME DECOR HOLDINGS CORP., SF HOME DECOR, LLC,**

Plaintiffs – Appellees,

v.

**KARTRI SALES CO., INC., MARQUIS MILLS, INTERNATIONAL , INC.,**

Defendants – Appellants,

Appeal from the United States District Court

for the Southern District of New York

Judge Paul A. Englemayer

SDNY Civil Action No. 15-cv-10154

**SUPPLEMENTAL BRIEF FOR MARQUIS MILLS INTERNATIONAL, INC.**

# CERTIFICATE OF INTEREST

Counsel for Defendant-Appellant certifies the following:

1. The full name of the parties represented by me:
   **Marquis Mills International, Inc.**

2. Name of real-party-in-interest represented by me:
   **Same.**

3. Parent corporations and publicly held companies that own 10% or more of stock in the party:
   **None.**

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:
   **Donald J. Cox, Jr., Law Offices of Donald Cox, LLC**

   **Edward Thomas La Barr, Volpe & Koenig, P.C.**
   **Ryan W O'Donnell, Volpe & Koenig, P.C.**

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. See Fed. Cir. R. 47. 4(a)(5) and 47.5(b):
   *Keeco LLC et al. v. Kartri Sales Company, Inc.*, **1:23-cv-02003 (SDNY)**

6. Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).
   **None (and Not Applicable).**

7. Per F.R.App.P. 26.1 (c): Bankruptcy Cases. In a bankruptcy case, the debtor, the trustee, or, if neither party, the appellant must file a statement that: (1) identifies each debtor not named in the caption; and, (2) for each debtor that is a corporation, discloses the information required by Rule 26.1(a).
   **None (and Not Applicable).**

Marquis Mills International, Inc. ("Marquis") respectfully submits this response to the Court's Order to Show Cause dated May 6, 2025 (ECF No. 93), regarding whether the corrected opening briefs filed by Marquis and Kartri Sales Co., Inc. ("Kartri") violated Fed. Cir. R. 32(b)(1) and this Court's prior order (ECF No. 43) striking the initial briefs.

## I. INTRODUCTION

Marquis did not intend to circumvent this Court's word count limits or its prohibition on incorporation by reference. Marquis faced a unique procedural history and substantive posture following its impleader by Kartri and later naming as a direct defendant. Marquis's corrected brief was developed independently, and the topics it covers reflect its distinct role and litigation interests.

## II. LITIGATION HISTORY AND MARQUIS'S DISTINCT STATUS

Marquis was impleaded by Kartri in its third-party complaint (Dkt. 11) as the source of the accused shower curtains. After Plaintiffs amended their complaint to name Marquis directly, Kartri voluntarily dismissed without prejudice (Dkt. 36) its third-party complaint. Marquis thereafter plead independently and submitted its own answer, defenses, and counterclaims. Dkts. 70 and 151.

Marquis's defenses and claims were distinct and required full treatment in its opening brief:

- Marquis raised challenges to standing and chain of title regarding the EZ ON trademark, based on the absence of a valid assignment or goodwill transfer from Carnation Home Fashions to Appellees at the time the case was filed.

- Marquis asserted counterclaims for patent misuse, grounded in Appellees' conduct during patent prosecution and litigation, including strategic use of terminal disclaimers and inconsistent claim construction positions.

- Marquis presented detailed arguments during the Markman briefing (Dkt. 174) addressing claim scope surrendered through amendments and disclaimer in the prosecution history of the '248, '609, and '088 patents, necessitating individualized claim construction and non-infringement analysis.

These arguments required separate and complete presentation, as they rested on prosecution record excerpts, factual distinctions, and legal standards specific to Marquis's defenses.

### III. THE CORRECTED BRIEF WAS ORGANIZED INDEPENDENTLY

Following the Court's rejection of the initial briefs for improper incorporation by reference, both appellants agreed to forego any express or implied incorporation in their corrected filings. Marquis prepared its corrected brief independently and included all arguments necessary to preserve and fully present its positions.

Counsel for Marquis exercised judgment in excluding arguments that were not central to its positions or that might risk violating the Court's directives. Marquis's corrected brief reflects a deliberate and good-faith effort to comply with the letter and spirit of the Court's prior order. In fact, Marquis has already suffered prejudice from its cautious approach to compliance. One paragraph, drafted and revised several times, was ultimately excluded for fear that it would be viewed as improperly introducing new matter:

"Appellees' four-element trade dress—curtain, equidistant rings, rod-passing feature, and a slit in the ring—is functional. Appellant Marquis first cited the Sharp patent, an 1800s case recognizing the first three elements created an aesthetic look, Fig. 5, now claimed as trade dress. The fourth element, the slit, was introduced by Lishman in 1958 and these four elements are required in the Lishman patent and every one of Appellees' patents for the curtains to work."

This argument reflected Marquis's independent analysis and had not been duplicated in Kartri's brief. Its omission underscores Marquis's good faith and concern for compliance with the Court's instructions. If the Court determines that a sanction is nonetheless warranted, Marquis respectfully submits that the exclusion of this paragraph—at risk to its own appeal—constitutes a meaningful, self-imposed remedial measure.

## IV. MARQUIS'S BRIEF COMPLIES WITH THE WORD LIMIT

Marquis's corrected opening brief (ECF No. 48) complies with the 14,000-word limit in Fed. Cir. R. 32(b)(1). It does not cite or incorporate any portion of Kartri's brief or any other document by reference. All arguments are presented fully within the brief and are specific to the issues Marquis faced and preserved for appeal.

## V. SEPARATE BRIEFING WAS NECESSARY

Marquis's litigation posture—having been impleaded and then named directly as a defendant—presented it with distinct factual and legal circumstances. Marquis's role as a component supplier, without direct sales under the accused marks or branding, and its unique exposure to liability on several claims, required it to assert arguments not applicable to any other party.

Its challenge to standing on the EZ ON trademark, its patent misuse/ unclean hands counterclaims, and its reliance on prosecution disclaimer and amendment history to support non-infringement were all fully developed and required individualized discussion.

Marquis did not divide briefing responsibilities or rely on any other party to present arguments on its behalf. It presented a complete and independent case on the issues it faced in the appeal.

## VI. NO SANCTION IS WARRANTED

Marquis acted in good faith to comply with the Court's word count rule and prior order. Its corrected brief presents separately developed arguments, complies with the word count, and avoids improper incorporation. There was no collusion or coordination to divide issues and no prejudice to Appellees, who filed a single consolidated response.

Since Marquis's corrected brief was filed in January last year, counsel has gained additional hindsight from the Federal Circuit Judicial Conference held on May 14, 2024. Many judges spoke candidly about how "less is more" in appellate briefing, and the experience of preparing for a three-minute opening oral argument crystallized that perspective. In hindsight, some material could perhaps have been trimmed further. However, Marquis faced complex and overlapping factual scenarios involving prosecution history estoppel, narrowing amendments, disclaimer, and litigation conduct. These intricacies were vital to Marquis's unclean hands arguments, and were not susceptible to concise treatment without risking waiver.

Marquis also acknowledges the guidance set forth in this Court's precedent. In *Microsoft Corp. v. DataTern, Inc.*, the Court held that "incorporation cannot be used to exceed word count" and that incorporated material "counts against the litigants' word count in exactly the same manner as if it had been expressly

5

included in the brief," 755 F.3d 899, 910 (Fed. Cir. 2014). *See also Promptu Sys. Corp. v. Comcast Cable Commc'ns, LLC*, 92 F.4th 1384, 1385 (Fed. Cir. 2024); *Medtronic, Inc. v. Teleflex Life Scis. Ltd.*, 86 F.4th 902, 906 (Fed. Cir. 2023). Marquis did not incorporate by reference any other brief and fully complied with both the letter and the spirit of these decisions.

Marquis and its counsel apologize to the Court for any appearance of improper briefing structure or burden on Court or counsel resources. The corrected brief was intended to be self-contained and fully compliant, and the decision to independently brief each issue was made to ensure complete presentation without resorting to incorporation or reliance on any other filing. Marquis regrets any confusion and respectfully submits that sanctions are unwarranted under the circumstances.

Accordingly, no sanction is believed to be warranted.

## VII. CONCLUSION

Marquis respectfully requests that the Court find no violation of Fed. Cir. R. 32(b)(1) or its prior order. The corrected brief complies with applicable rules and was filed in good faith.

6

This brief is a separate submission and was prepared and filed without consultation with Kartri's counsel. Additionally, it is being filed one day early to accommodate travel to a family event beginning tomorrow in Boston, MA.

Dated:     05/14/2025                     By: */s/Donald J. Cox*
                                              Donald J. Cox, Jr.
                                              Law Offices of Donald Cox, LLC
                                              300 Carnegie Center, Suite 150
                                              Princeton, NJ 08540
                                              609-921-1166 (phone)
                                              609-921-8131 (fax)
                                              Coxd@iplawonline.com

                                              *Counsel for Defendant-Appellant*
                                              *Marquis Mills International, Inc.*

# CERTIFICATE OF COMPLIANCE

1. This document complies with the instructions given by Chief Judge Moore at oral argument on May 05, 2025, because it is no more than 10 pages long.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The document has been prepared in a proportionally spaced typeface using Microsoft Word for Mac in 14 point font Times New Roman.

Dated:     05/14/2025                    By: */s/Donald J. Cox*
                                         Donald J. Cox, Jr.
                                         Law Offices of Donald Cox, LLC
                                         300 Carnegie Center, Suite 150
                                         Princeton, NJ 08540
                                         609-921-1166 (phone)
                                         609-921-8131 (fax)
                                         Coxd@iplawonline.com

                                         *Counsel for Defendant-Appellant Marquis Mills International, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing is being served on counsel of record via CM/ECF on May 14, 2025.

Dated:       05/14/2025                By: */s/Donald J. Cox*
                                                        Donald J. Cox, Jr.
                                                        Law Offices of Donald Cox, LLC
                                                        300 Carnegie Center, Suite 150
                                                        Princeton, NJ 08540
                                                        609-921-1166 (phone)
                                                        609-921-8131 (fax)
                                                        Coxd@iplawonline.com

                                                        *Counsel for Defendant-Appellant Marquis Mills International, Inc.*