**2023-1446, 2023-1450, 2023-2148, 2023-2149**

---

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

---

**FOCUS PRODUCTS GROUP INTERNATIONAL, LLC, ZAHNER DESIGN GROUP, LTD., HOOKLESS SYSTEMS OF NORTH AMERICA, INC., SURE FIT HOME PRODUCTS, LLC, SURE FIT HOME DECOR HOLDINGS CORP., SF HOME DECOR, LLC,**

Plaintiffs – Appellees,

v.

**KARTRI SALES CO., INC., MARQUIS MILLS, INTERNATIONAL, INC.,**

Defendants – Appellants,

---

Appeal from the United States District Court

for the Southern District of New York

Judge Paul A. Engelmayer

SDNY Civil Action No. 15-cv-10154

---

## APPELLANT KARTRI'S RESPONSE
## TO COURT'S ORDER OF MAY 6, 2025

---

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Defendant-Appellant certifies the following:

1. The full name of the parties represented by me:
   **Kartri Sales Company, Inc.**

2. Name of real-party-in-interest represented by me:
   **None / Not Applicable**

3. Parent corporations and publicly held companies that own 10% or more of stock in the party:
   **None / Not Applicable**

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:
   **Patrice Polyxene Jean; Emma Leigh Baratta; Lynn Marie Russo**
   **Hughes Hubbard & Reed LLP**

   | | |
   |---|---|
   | **Bernhard Percival Molldrem, Jr.** | **Angela Foster** |
   | **Law Office Of Bernhard Molldrem** | **Law Office of Angela Foster** |
   | **224 Harrison St., Suite 208** | **2906 Birchwood Court** |
   | **Syracuse, Ny 13202** | **North Brunswick, NJ 08902** |
   | **315-422-4323** | **732-821-9363** |
   | **Fax: 315-422-4318** | **732-821-4692 (Fax)** |
   | **Barney@Molldremiplaw.Com** | **Afoster@Fosteratlaw.Com** |

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. See Fed. Cir. R. 47. 4(a)(5) and 47.5(b):
   ***Keeco LLC et al. v. Kartri Sales Company, Inc.*, 1:23-cv-02003 (SDNY)**

6. Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).
   **None /  Not Applicable.**

Appellant Kartri Sales Co., Inc. respectfully submits this brief in response to this Court's Order of May 6, 2025 (Dkt. 93). That Order calls for submissions by both Appellants in this matter—Kartri Sales Co., Inc. ("Kartri") and Marquis Mills International, Inc. ("Marquis")—but orders that the Appellants brief "independently." Dkt. 93 at 3. Accordingly, Kartri speaks herein only for itself.

I.      **Relevant Procedural History**.

Kartri filed its opening brief in this matter on September 11, 2023, in a form that it then believed was permitted by the Court's rules:[1] one brief per Appellant, within the Court's word limit, non-duplicative of the brief of Appellant Marquis, and incorporating the Marquis brief by reference where appropriate. Dkt. 25, 26.

On December 8, 2023, this Court issued an order striking both Appellants' opening briefs due to their use of incorporation by reference, explaining that "[w]hen

---

[1] Consistent with this understanding, on June 12, 2023, in response to Court query, Kartri stated that it and Appellant Marquis "anticipate submitting separate briefs, and will coordinate with one another to avoid presenting the Court with duplicative briefing." Dkt. 16, FN1 at 2. Kartri then believed that the form Appellants were planning was permitted. Having since learned that it is not, Kartri's counsel regrets having initially filed a noncompliant brief in September 2023, and apologizes to the Court.

the incorporated sections here are added to the word counts, both opening briefs exceed the court's 14,000 word limit." Dkt. 43 at 2. The Court identified, by page numbers, instances of incorporation in each brief. *Id.* at 1-2. The Court ordered Appellants to refile corrected opening briefs, which were each "not to exceed 14,000 words *including incorporated material*." *Id.* at 2 (emphasis added).

In accordance with the Court's December 8 Order, Kartri revised its opening brief so as to eliminate the sections identified by the Court—and ensure that it did not refer to *any* material from Marquis's brief—and filed a corrected opening brief on January 24, 2024. Dkt. 46.

Kartri's Notice of Correction (Dkt. 47) explained the changes made to its brief. In relevant part, these were:

> Pursuant to the December 8 Order (Dkt. 43), Kartri has **removed all incorporation by reference** of—and for the avoidance of doubt, *all* reference to—the principal brief of its co-appellant Marquis Mills International, Inc. ("Marquis"). **Any material from the Marquis brief that might be necessary for the Court's consideration of Kartri's arguments has now been expressly included in the Kartri brief** itself, on pages 6, 7-10, 21, 31, 40-41, 52, and 57.

> Kartri has made line edits to its principal brief and condensed its writing to ensure that the brief remains within the Court's 14,000 word limit even after the insertion of the above-listed material, as required by the December 8 Order (Dkt. 43).

Dkt. 47 at 3 (emphasis added).

Appellees then filed their responsive brief (Dkt. 56), and Kartri timely filed its reply (Dkt. 71).

Oral argument took place on May 5, 2025. The next morning—as previewed in a court order before the oral argument began—the Court issued an order stating that Appellants' corrected opening briefs "continued to divide the issues for treatment," and said that the Court "understand[s]" that the parties, "even without expressly saying so," might be "each continuing to seek the benefit of any winning argument that was adequately presented only by the other Appellant." Dkt. 93 at 2. The Court directed the Appellants to, if that understanding is correct, "show cause why their briefing choices do not amount to another violation of our word count limit for opening briefs, as well as our prior order enforcing the word limit." *Id.* at 2-3.

Kartri respectfully submits that the Court's understanding about its Corrected Opening Brief is *not* correct, and provides the following explanation.

## II.  <u>Argument</u>

As described in its Notice of Correction (Dkt. 47), Kartri's brief is complete on its face, and does not incorporate or rely on any other brief. Kartri believed—and still believes—that its Corrected Opening Brief (Dkt. 46) complies with the December 8 Order and the Court's Rules. Kartri understood that by eliminating references to Marquis's brief it would no longer be "seek[ing] the benefit of" the material contained in those portions. Dkt. 93 at 2. Kartri respectfully requests that the Court consider Kartri's 13,891-word brief as written, on its own merits, without imposing any sanctions.

### A. **Kartri's Priorities Differ from Marquis's**

While the two Appellants stood trial in this matter together and received a single post-trial judgment awarding a single sum of damages against them, the parties are not identically positioned, and they have different priorities. In particular, as distinct from Marquis, ***Kartri*** is the party who sold the accused EZY Hang products to end-user consumers, and Kartri has since been sued again by Appellees—asserting the same unregistered trade dress at issue in this appeal—in connection with a new product. *See* Kartri's Corrected Opening Brief (Dkt. 46, "KOB") at 1, Statement of Related Cases, identifying *Keeco LLC et al. v. Kartri Sales Co., Inc.*, No. 1:23-cv-02003 (PAE)(SDA). In order to best advance its particular interests, in the space available in its Corrected Opening Brief, Kartri prioritized issues relating to its venue motion, trademark noninfringement, trade dress invalidity, lack of willfulness, and the improper attorney's fees award. Other issues were omitted from Kartri's Corrected Opening Brief or were discussed succinctly. As the Court pointed out, noninfringement of patents is one of the issues that Kartri decided to only present as a short and to the point argument. Dkt. 93 at 2.

Kartri chose to prioritize and spend more words on its venue argument, which, if accepted, renders moot the merits of any patent noninfringement issues. Kartri's Corrected Opening Brief nevertheless articulates the patent noninfringement

argument and identifies the critical record facts underlying Kartri's belief that the accused products did not infringe the asserted patents, as necessary to set out the argument and to challenge the district court's "holistic" willfulness finding and fee award (*see Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 579 U.S. 93, 103-04 (2016); *Iowa State Univ. Rsch. Found., Inc. v. Greater Continents Inc.*, 81 F. App'x 344, 350 (Fed. Cir. 2003)). Findings of willfulness and bad faith are important for Kartri to vigorously challenge, because such findings can be ruinous for a company, financially and reputationally. Patent noninfringement—relating to a product Kartri obtained from a supplier[2] and no longer sells—is not an issue on which Kartri chose to spend as many pages. It is not wrongful or illogical for Kartri to make this choice.

## B. Kartri's Brief Stands on Its Own and Does Not Incorporate Marquis's Brief

Consistent with the December 8 Order, Kartri's Corrected Opening Brief was designed to stand on its own and not incorporate material from the Marquis's Brief.

---

[2] Marquis was the party who supplied the accused products to Kartri, and entered the case *when Kartri impleaded it* via third-party complaint invoking the "implied warranty against infringement" of Uniform Commercial Code Section 2-312. *Focus Prods. Grp Int'l, LLC et al. v. Kartri Sales Co.*, 15-cv-10154-PAE (S.D.N.Y.), Dkt. 13.

Kartri ***is not requesting*** that the Court attribute any material to Kartri that is not actually included in Kartri's brief.  In particular:

Kartri fully briefed—and does not require augmentation from Marquis regarding—the issue of improper venue.  *See* KOB at 32-38; Kartri Reply (Dkt. 71, "KR") at 2-3.

Kartri fully briefed—and does not require augmentation from Marquis regarding—the issue of lack of standing at relevant times to assert the EZ ON Mark. *See* KOB at 11-13, 44-45; KR at 18-19.

Kartri fully briefed—and does not require augmentation from Marquis regarding—noninfringement of the HOOKLESS word mark.  *See* KOB at 41-44; KR at 17-18.

Kartri fully briefed—and does not require augmentation from Marquis regarding—the issues of trade dress genericism, functionality, and invalidity as a matter of law.  *See* KOB at 46-54; KR at 4-16.  Additionally, Appellees' assertion of purported waiver on this topic and the mislaying of burden at the summary judgment stage were debunked and rebutted by Kartri, without requiring any augmentation from Marquis.  *See* KOB at 22; KR at 5, 6-8, 10.

Kartri fully briefed—and does not require augmentation from Marquis regarding—the issue of the erroneous willfulness finding.  *See* KOB at 55-57; KR at 21-25.

Kartri fully briefed—and does not require augmentation from Marquis regarding—the issue of the erroneous award of attorney's fees. *See* KOB at 57-63; KR at 26-29.

Regarding patents, as set forth above, patent claims in this case should never have proceeded in the Southern District of New York. Nevertheless, Kartri briefly articulated an argument of noninfringement of patents (KOB at 20-21, 40-41, 57), and responded to Appellees' errors regarding it (KR at 19-22). As explained above, Kartri's Corrected Opening Brief needed this material for context and for its relevance to the findings of willfulness and the award of attorneys' fees. No augmentation from Marquis is required for these purposes. Moreover, Kartri believes that if the Court ever were to reach patent infringement issues in this matter—which Kartri believes it should not—it is possible to vacate the findings of patent infringement based solely on Kartri's concise argument and record citations. Kartri recognizes that the Court might decline to do so based on the argument's brevity (*e.g., Trading Tech. Int'l. v. IBG LLC*, 921 F.3d 1084, 1095 (Fed. Cir. 2019)), and has accepted that risk. No incorporation of the Marquis brief was requested or expected.

In summary, Kartri requests that its Corrected Opening Brief be read as written and evaluated on its own contents and merits. As stated in its Notice of Correction, no incorporation of or reliance on the briefing of Appellant Marquis was

sought or intended, and none is required. Kartri's briefing provides ample justification for vacatur or reversal of the Appealed Orders on its own.

### C. Sanctions Are Not Appropriate

Respectfully, Kartri submits that sanctions are not appropriate. Pursuant to the Court's December 8 Order, Kartri removed all instances of incorporation of the Marquis brief and designed its Corrected Opening Brief to stand on its own. Kartri and its counsel hold this Court's Rules and Orders in the highest regard, and to the best of Kartri's understanding, then and now, Kartri's Corrected Opening Brief complies with them. Kartri and its counsel stand ready to take any further action the Court requires, but submit that imposition of sanctions under these circumstances is not warranted.[3] *See, e.g., Promptu Sys. Corp. v. Comcast Cable Commc'ns, LLC,* 92 F.4th 1384, 1385 (Fed. Cir. 2024) (no sanctions where this Court "accept[ed] this mistake was made in good faith by [the party] at the time of briefing.").

## CONCLUSION

Kartri respectfully submits that the Court should consider the arguments set out in its Corrected Opening Brief without incorporating material from the Marquis brief, and without imposing any sanctions.

---

[3] It is for this reason that Kartri has not proposed "what an appropriate sanction would be." Dkt. 93 at 3.

Dated:       May 15, 2025

HUGHES HUBBARD & REED LLP

By: _/s/ Patrice P. Jean_____
Patrice P. Jean
Emma L. Baratta
Lynn M. Russo

One Battery Park Plaza
New York, New York 10004-1482
Telephone:  +1 (212) 837-6000
Fax:  +1 (212) 422-4726
patrice.jean@hugheshubbard.com

*Attorneys for Defendant-Appellant*
*Kartri Sales Company, Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the page limit set forth by the Court in Dkt. 93 and at oral argument on May 5, 2025.  It is double-spaced and under 10 pages.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).  This brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman.


Dated:  May 15, 2025                    Hughes Hubbard & Reed LLP


                                       By:  */s/ Patrice P. Jean*
                                            Patrice P. Jean

                                            One Battery Park Plaza
                                            New York, NY 10004
                                            Tel: (212) 837-6000
                                            patrice.jean@hugheshubbard.com

                                            *Attorneys for Defendant-Appellant*
                                            *Kartri Sales Company, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2025, I electronically filed Appellant

Kartri's Response to Court's Order of May 6, 2025, with the Clerk of the Court for

the U.S. Court of Appeals for the Federal Circuit by using the appellate CM/ECF

system. Participants in the case are registered CM/ECF users, and service will be

accomplished by the appellate CM/ECF system.

*/s/ Patrice P. Jean*
Patrice P. Jean
*Attorney for Kartri Sales Co., Inc.,*
*Defendant-Appellant*