**2023-1446, 2023-1450**

---

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

---

**FOCUS PRODUCTS GROUP INT'L LLC, ZAHNER DESIGN GROUP, LTD., HOOKLESS SYSTEMS OF NORTH AMERICA, INC., SURE FIT HOME PRODUCTS, LLC, SURE FIT HOME DECOR HOLDINGS CORP., SF HOME DECOR, LLC,**

　　　　　　　　　　　　　　　　　　　　　　Plaintiffs - Appellees,

v.

**KARTRI SALES CO., INC., MARQUIS MILLS, INTERNATIONAL, INC.,**

　　　　　　　　　　　　　　　　　　　　　　Defendants - Appellants.

---

Appeal from the United States District Court
for the Southern District of New York
Judge Paul A. Engelmayer
SDNY Civil Action No. 15-cv-10154

---

**PLAINTIFFS' APPELLEES' MOTION FOR LEAVE TO REPLY
TO DEFENDANTS-APPELLANTS' RESPONSES
TO ORDER TO SHOW CAUSE**

Plaintiffs-Appellees ("Focus") respectfully move under F.R.A.P. 27 for leave to reply to Defendants-Appellants' responses (Dkt. 94 and Dkt. 95) to the Order to Show Cause (Dkt. 93). Plaintiffs submit that a reply would be useful to the Court to outline various highly probative facts relevant to the Court's consideration of the following failings in Defendants-Appellants' submissions and positions, and the sanctions that should be imposed. A reply is also respectfully important because Defendants-Appellants' responses fail to address the enormous prejudice that their actions have caused.

Plaintiffs-Appellants contacted Defendants-Appellants' counsel to determine whether they would consent to or oppose this motion, but they did not respond.

**ARGUMENT**

In arguing to consolidate two appeals, Kartri represented that "consolidation is appropriate because the issues are expected to substantially overlap." Dkt. 16 at 2.[1] Marquis said the same.[2] But their briefs barely overlap. Kartri also represented to this Court that Defendants planned to "coordinate with one another to avoid presenting the Court with duplicative briefing" and said that Marquis

---

[1] For clarity, when referring to page numbers we use the convention that "Dkt. X at Y" uses the ECF number Y at the top of the page, whereas "p." uses the number at the bottom of the page. For example, Dkt. 48 at 71, p.58 refers to Dkt. 71, number 71 at the top of the page, and number 58 at the bottom of the page.

[2] Dkt. 17 at 2 ("Marquis joins with Kartri to respectfully suggest that consolidation is appropriate because the issues are expected to substantially overlap.").

1

"concurs." Dkt. 16 at 2 and n.2. They then coordinated: their initial briefs divided all issues.

After this Court admonished them, they re-filed. But their "corrected" briefs essentially duplicated the same previously coordinated division of issues. Each one added some token attention to the issues the other one briefed. They plainly relied on each other's briefing.

For example, Marquis barely discussed functionality in its corrected opening brief (Dkt. 48 at 71, p.58). Marquis' cursory treatment relied on Kartri's lengthy briefing. But Marquis then pursued functionality in oral argument on rebuttal. (Judge Clevinger noted this during the oral argument, but Marquis's lawyer continued.)

Similarly, Kartri challenged willful patent infringement, but barely discussed the patents (Dkt. 46 at 51-52 pgs. 40-41). It relied on Marquis's briefing. To wit, Kartri argued that claim construction shows no infringement or willfulness (Dkt. 46 at 68 p.57), but did not develop challenges to the claim constructions or infringement findings in its briefing – it left that to Marquis.

Defendants' failures to acknowledge their reliance on each other's briefs are respectfully not credible or consistent with the facts. *See* Dkts. 94-95.

Table 1 below shows Defendants' division of labor on certain key topics,

2

with the approximate word count per Defendant[3] in their argument section on each topic. The party who took the "laboring oar" is provided in 18 pt font, while the one who "piggybacked" is left in a standard 14 point font:

| Table 1: Defendants' Division of Labor | | |
|---|---|---|
| **Topic** | **Kartri's Opening "Corrected" Brief** | **Marquis' Opening "Corrected" Brief** |
| Patent Claim Construction and Infringement | 199 | **4,571** |
| Trade Dress Validity and Infringement | **2,258** | 429 |
| Attorneys' Fees | **1,504** | 364 |
| Venue | **1,424** | 200 |
| Terminal Disclaimer "Unclean Hands" | 0 | **546** |

If a Defendant was truly not pursuing an issue, they would not have included it. Instead, it is no coincidence that every key issue was addressed in depth by one of them and in cursory fashion by the other – because they tacitly

---

[3] Undersigned counsel exported each brief from a pdf into Microsoft Word, then used Microsoft Word to count the number of words in the respective argument sections. The count is referred to as "approximate" in case there were any errors in the conversion program (which are not believed to be present), and to the extent there was any discussion outside the argument section (e.g., the Introduction, Statement of the Case, etc.), which was not counted and cannot be easily parsed.

relied on each other's briefs. It is inescapable that they planned this, to "divide and conquer."

Focus was irreparably prejudiced by Defendants' actions: it was impossible to fully respond to 27,284 words by Defendants, who divided up *twenty* issues. *Infra*, n.4.

Kartri does not address the prejudice. And Marquis (Dkt. 94 at 7, p.5) curtly denies that Focus suffered any prejudice from 14,000 words less. That is belied by Marquis' claim that Marquis suffered prejudice from deleting **one** paragraph (*id.*). Focus deleted much more – its draft was 22,655 words (Dkt. 50 at 5), which itself was still incomplete, but which Focus had to substantially reduce.

Focus lacked space to fully explain – and/or address at all – numerous points which it would have preferred to develop in its brief. For example, points it could not develop were: (1) Mr. Zahner's EZ ON testimony, Plaintiff's prior registration of FLEX ON and position that EZ ON was too close (and therefore had to be owned by Plaintiff), etc.; (2) prior litigations on "flat-upper-edged" rings (putting patent prosecution in context, which meant to cover such rings); (3) a more detailed discussion of Defendants' waived functionality arguments including the different positions they argued in the district court vs. on appeal (*see* Table 2 appended below); among many other issues.

It would have substantially benefited this Court and clarified all of the

4

issues, if Focus had had a full and fair opportunity to discuss them in its Response Brief. And after insufficient space on 20 complex issues spanning eight years of litigation, there was no way Focus could supplement all the relevant missing information in a short oral argument.

The prejudice is undeniable. But neither Defendant acknowledges it or takes responsibility for its actions. Nor can this be deemed good faith after it was done a second time, after admonishment by this Court. *Compare, Promptu Sys. Corp. v. Comcast Cable Commc'ns, LLC*, 92 F.4th 1384, 1385 (Fed. Cir. 2024) (allegation that counsel was unaware of the Court's *Microsoft* decision). And neither Defendant is willing to propose a suitable sanction.

Only forfeiture is fair and commensurate. Focus was irreparably and unfairly prejudiced in its inability to fully defend its positions because of Defendants' deliberate actions. Indeed, when Focus requested two response briefs or a consolidated 28,000 word equivalent-length response out of fairness, Defendants refused to consent (Dkt. 50 at 2, p.1) to ensure Focus' prejudice.

Furthermore, forfeiture or waiver is the result of Defendants-Appellants conduct on the key issues in any event. They waived or forfeited most issues by not raising them or timely raising them below, changing positions on appeal, not developing them in their respective briefs, and so forth. *See e.g.*, *Medtronic, Inc. v.*

5

*Teleflex Life Scis. Ltd.*, 86 F.4th 902, 907 (Fed. Cir. 2023) (waiver for failure to include developed arguments in brief).

Examples of the waivers and/or forfeitures with respect to some of Defendants-Appellants 20 issues[4] are shown in Table 2 appended to the end of this motion. All of these waivers and forfeitures, coupled with Defendants' inequitable conduct in ignoring the Court's admonishment and in violating the Court's rules twice, further confirm that forfeiture of the appeal is fully warranted.

Moreover, the particularized waivers and forfeitures are such that each Defendant has effectively waived or forfeited its ability to contest willful infringement of valid intellectual property of Plaintiffs-Appellants. Based on the waivers, for example: both infringed valid trade dress; Kartri waived any challenge to patent infringement; both waived challenges to willfulness; both presented cursory challenges to the attorneys' fees holdings; neither one appealed the damages award; and so forth. In other words, the "bottom line" for each

---

[4] Those issues were (1) Venue; (2) Hookless® Infringement; (3) Standing re EZ ON; (4) Trade Dress Infringement; (5) Trade Dress "Genericism," (6) "Functionality" and Alleged Patent Overlap; (7-8) Willful Patent and Trade Dress Infringement; (9) Attorneys' Fees; (10-12) '248 Construction of "Approximately Horizontal," "Said Slit Exits Said Ring …," and "Ring"; (13) '248 Patent Infringement; (14-16) '609 Construction of "Said Projecting Edge Being an Edge Which Projects …" "Ring," and "Next to said Slit"; (17) '609 Patent Infringement; (18) '088 Construction of "Said Projecting Edge Being an Edge Which Projects …" (19) '088 Patent Infringement; and (20) Terminal Disclaimers and "Unclean Hands."

Defendant is at the same place that the district court reached.

Last, not least, Defendants' willful violation of the rules and its claims of purported innocence cannot be viewed in isolation. This is a continuation of the same pattern of conduct that Defendants pursued below for years, which the lower court summarized in its attorneys' fees order (e.g., Appx383-390) and bewailed (*id*). That included repeated violations of the rules and disregard of the Court's rulings (e.g., Appx386-388). The district court then concluded that "Defendants' arguments in opposition largely whitewash or minimize its abusive litigation conduct, in contravention of the formidable record reviewed above" (Appx 390).

We thank the Court in advance for its consideration of our request.

Dated:  May 16, 2025             */s/ Morris E. Cohen*
                                 Morris E. Cohen
                                 Lee A. Goldberg
                                 GOLDBERG COHEN LLP
                                 1350 Avenue of Americas, 3rd Floor
                                 646-380-2084 (telephone)
                                 646-514-2123 (facsimile)
                                 mcohen@goldbergcohen.com

                                 *Counsel for Plaintiffs-Appellants*

| | **Table 2: Defendants' Waivers and Forfeitures** | |
|---|---|---|
| **Issue** | **Kartri** | **Marquis** |
| Venue | The district court found Kartri forfeited it (Appx9-10). | Marquis did not move on it below. |
| Genericism | Kartri never pled this affirmative defense (Appx844-834), and failure to plead constitutes a waiver (Appx100). | Marquis barely discussed it in its corrected brief. Dkt. 48 at 71, p.58. |
| Functionality and Alleged "Overlap" with Plaintiff's Patents: | Marquis barely discussed it in its corrected brief. Dkt. 48 at 71, p.58.<br><br>Kartri and Marquis both waived it below by failing to provide admissible evidence in their motion for summary judgment (Appx2440), as the district court held (Appx126).<br><br>Both asserted a functionality position below based on a standard of "non-reputation related disadvantage" (Appx2440), but abandoned that standard and position on appeal. Kartri's Brief, Dkt. 46 at 61, p.50.<br><br>Kartri took new functionality positions on appeal based on the standard of "essential to use or purpose," or "affects cost or quality" (*id*.) which standard and positions Defendants did not present below (Appx2440).<br><br>On appeal, Kartri misleadingly asserted evidence (Kartri's Brief, Dkt. 46 at 61, p.50, citing Appx3743, Appx6804, Appx6806, Appx6812), which it did not present in its summary judgment motion (Appx2440). That "evidence" was from the trial three years later. (Nor was it asserted | |

8

| | | |
|---|---|---|
| | at trial by Defendants regarding functionality; these were Plaintiffs' trial exhibits on secondary meaning.) Kartri asserted the '232 Patent on appeal (Kartri's Brief, Dkt. 46 at 61, p.50) after not asserting it in its summary judgment motion (Appx2440). It cursorily raised it for the first time in a Reply Brief below (Appx2850), which constituted a waiver (and which was without factual evidence in that Reply Brief (*id.*)). Kartri then **misrepresented** in its Reply Brief on Appeal (Dkt. 71 at 12 p.7) that it pointed to Plaintiffs' utility patents in the "first round of summary judgment briefing," which was false (Appx2440). A Reply Brief (Appx2850) is not "the first round" of briefing. Defendants also did not in summary judgment (Appx2440) rebut any of Plaintiffs' experts, which was also a waiver. Kartri's positions on a motion-in-limine (MIL) were not in its opening brief on appeal (Dkt. 46): they were first raised in its Reply Brief here (Dkt. 71 at 11, p.6) constituting a waiver. Also, its position is misleading – those positions were waived below: the MIL of April 2021 (Appx3406) was well after those issues were already the law of the case, having been previously decided on summary judgment (Appx126). Defendants also asserted new Plaintiff patent "overlap" arguments on appeal, which they did not assert in their motion for summary judgment (Appx2440). | | |
| Trade Dress Infringement | Trade Dress infringement (likelihood of confusion) not developed. Kartri Brief, Dkt. 46 at 58, p. 47. | "Likelihood of confusion" arguments not developed. Marquis' Brief, Dkt. 48 at 71, p.58. |

9

| | | |
|---|---|---|
| Willful Patent Infringement | Patent infringement not developed.  Kartri Brief, Dkt. 46 at 51-52, pgs. 40-41.  Kartri argued that claim construction shows no infringement or willfulness (Dkt. 46 at 68 p.57), but did not develop challenges to the claim constructions or infringement findings in its briefing – it left that to Marquis.<br><br>Kartri also included alleged evidence, which Focus objected to as not having been entered into evidence in the record below (Dkt. 65 at 36-37, pgs. 23-24), but which Defendants refused to remove from the Appendix (*id.* p.24, citing Appx6893-6902), after Defendants waived an opinion of counsel defense at trial (*id.* p.24).<br><br>Kartri also included new statutory arguments (§298) in a Reply Brief (Dkt. 71 at 29, p.24), which were waived for not having been raised in its opening brief on appeal, or raised below at all. | Not developed in Marquis' Brief.  Dkt. 74 at 73-74, pgs. 60-61. |

| | | |
|---|---|---|
| Willful Trade Dress Infringement | Kartri argued no willfulness because the Trade Dress is "invalid" (Kartri Brief, Dkt. 46 at 66, p.55) but waived its "functionality" challenge and "genericism" challenge, as noted above. | Not developed in Marquis' Brief. Dkt. 74 at 73, p. 60. |
| Attorneys' Fees | Kartri cursorily addressed this. Dkt. 46 at 68-69, pgs.57-58. | Marquis cursorily addressed this as well. Dkt. 48 at 74-76, pgs 61-63. |
| '248 Construction of "Approximately Horizontal" | Not developed in Kartri's brief. Dkt. 46 at 52, p.41. | Neither of Marquis' shifting constructions (its first one in the Joint Chart, or second construction in the Brief) during Markman (Appx60) were presented on appeal. Dkt. 48 at 48-50, pgs.35-37.<br><br>And its final argument below (Appx60 citing Marquis' brief), that this requires a curved slit (*id.*) was abandoned on appeal (Dkt. 48 at 48-50, pgs.35-37). |
| "Said Slit Exits Said Ring at Said Upper Edge of Said Curtain." | Not discussed in Kartri's brief. Dkt. 46 at 51-52, pgs.40-41. | Its new arguments based on "broadening" in reexamination (Dkt. 48 at 54-55, pgs. 41-42) were not raised below (Dkt. 174 at 24-26), so they were waived.<br><br>To the extent that it now argues "a slit extending from said upper edge through said ring to said |

11

| | | opening," it admits that this was not construed during Markman (Dkt. 48 at 56 p.43), which is because it did not raise it.<br><br>(Marquis did, however, argue the "simultaneously" issue below (which the court rejected. Appx65-66)). |
|---|---|---|
| '248 Patent Infringement | Not developed in Kartri's brief. Dkt. 46 at 51-52, pgs.40-41. | Focus presented claim charts on all limitations of the patents and elements of Defendants' products (Appx2021-2028), but Defendants only challenged "approx. horizontal" limitation below (Appx2408-2412), waiving a challenge to any others. |
| '248 "Ring" | Not developed in Kartri's brief. Dkt. 46 at 51, p.40. | Marquis' Position in Opening Brief (Dkt. 46 at 51-53, pgs.38-40), that "Ring" excludes a flat-upper-edge, was not presented in the Joint Claim Chart (Appx51, Markman Order, excerpting Joint Claim Chart). |
| '609 Construction of "Said Projecting Edge Being an Edge Which Projects from Said Outer Circumference of Said Ring." | Not developed in Kartri's brief. Dkt. 46 at 52, p.41. | |

| | | |
|---|---|---|
| '609 Construction of "Ring" | Not developed in Kartri's brief. Dkt. 46 at 51, p.40. | Marquis' Position in Opening Brief (Dkt. 46 at 60, p.47), that "Ring" excludes a flat-upper-edge, was not presented in the Joint Claim Chart (Appx51, Markman Order, excerpting Joint Claim Chart). |
| '609 Construction of "Next to said Slit." | Not discussed in Kartri's brief. Dkt. 46 at 51-52, pgs.40-41. | The court proposed a construction and noted that "No party objected to this construction" (Appx69), so Marquis waived its objections on appeal. |
| '609 Patent Infringement | Not developed in Kartri's brief. Dkt. 46 at 51-52, pgs.40-41. | Focus presented claim charts on all limitations of the patents and elements of Defendants' products (Appx2021-2028), but Defendants only challenged whether their products had a projecting edge, and whether it was next to the slit (Appx2413,2418-2419), waiving a challenge to any others. |
| '088 Construction of "Said Projecting Edge Being an Edge Which Projects From Said Outer Circumference of Said Ring." | Not developed in Kartri's brief. Dkt. 46 at 52, p.41. | |
| '088 Patent Infringement; | Not developed in Kartri's brief. Dkt. 46 at 51-52, pgs.40-41. | Focus presented claim charts on all limitations of the patents and elements of Defendants' products |

13

|  |  | (Appx2021-2028), but Defendants only challenged whether their products had a projecting edge (Appx2422), waiving a challenge to any others. |
|---|---|---|
| Terminal Disclaimer "Unclean Hands" | Not discussed in Kartri's brief. Dkt. 46. |  |

## CERTIFICATE OF INTEREST

Counsel for Plaintiffs-Appellants certifies the following:

1. The full name of the parties represented by me:

   **Focus Products Group International LLC;**
   **Zahner Design Group Ltd.;**
   **Hookless Systems of North America, Inc.;**
   **SF Home Décor LLC;**
   **Sure Fit Home Décor Holdings Corp.; and**
   **Sure Fit Home Products LLC.**

2. Name of real-party-in-interest represented by me:

   **Same.**

3. Parent corporations and publicly held companies that own 10% or more of stock in the party:

   **For Sure Fit Home Products, LLC:  parent is SF Home Décor LLC.**

   **For Sure Fit Home Décor Holdings Corp.:  parent is Simply Interior Homes LLC.[5]**

   **For SF Home Décor LLC: parent is Simply Interior Homes, LLC (see also n.2)**

   **For Hookless Systems of North America, Inc.:  parent is Zahner Design Group, Ltd.**

   **For Zahner Design Group, Ltd.:  None.**

---

[5]  Simply Interior Homes LLC is the successor-in-interest to Keeco LLC, who previously acquired Hollander Sleep Products LLC, who previously acquired Sure Fit Home Décor Holdings Corp., who was the parent of SF Home Décor LLC.

15

4.     The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

> **Morris E. Cohen; Lee A. Goldberg; Limor Wigder; of Goldberg Cohen LLP;**
>
> **Donald Rhoads of the Rhoads Legal Group P.C.**

5.     The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47. 4(a)(5) and 47.5(b):

> **Keeco LLC v. Kartri Sales Company, Inc., SDNY Civil Action No. 1:23-cv-02003 (PAE)**

6.     Pursuant to Fed. Cir. Rule 47.4(6), all information required by Federal Rule of Appellate Procedure 26.1(b) and (c) that identifies organizational victims in criminal cases and debtors and trustees in bankruptcy cases.

Per F.R.App.P. 26.1 (b): Organizational Victims in Criminal Cases. In a criminal case, unless the government shows good cause, it must file a statement that identifies any organizational victim of the alleged criminal activity. If the organizational victim is a corporation, the statement must also

16

disclose the information required by Rule 26.1(a) to the extent if can be obtained through due diligence.

**None (and Not Applicable).**

Per F.R.App.P. 26.1 (c): Bankruptcy Cases. In a bankruptcy case, the debtor, the trustee, or, if neither party, the appellant must file a statement that: (1) identifies each debtor not named in the caption; and, (2) for each debtor that is a corporation, discloses the information required by Rule 26.1(a).

**None (and Not Applicable).**

Dated:  May 16, 2025  
　　　　　　　　　　　　　　　　*/s/ Morris E. Cohen*  
　　　　　　　　　　　　　　　　Morris E. Cohen  
　　　　　　　　　　　　　　　　GOLDBERG COHEN LLP  
　　　　　　　　　　　　　　　　1350 Avenue of Americas, 3rd Floor  
　　　　　　　　　　　　　　　　646-380-2084 (telephone)  
　　　　　　　　　　　　　　　　646-514-2123 (facsimile)  
　　　　　　　　　　　　　　　　mcohen@goldbergcohen.com  

　　　　　　　　　　　　　　　　*Counsel for Plaintiffs-Appellees*

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(a). This response (including the two tables) contains 2656 excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(d)(2)(A).

2. This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The motion has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14 point font New Times Roman, with the exception of several numbers in Table 1 which were increased to 18 point font for comparison and emphasis.

Dated: May 16, 2025                    */s/ Morris E. Cohen*
                                        Morris E. Cohen
                                        GOLDBERG COHEN LLP
                                        1350 Avenue of Americas, 3rd Floor
                                        646-380-2084 (telephone)
                                        646-514-2123 (facsimile)
                                        mcohen@goldbergcohen.com

                                        *Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing PLAINTIFFS-APPELLEES' MOTION FOR LEAVE TO REPLY TO DEFENDANTS-APPELLANTS' RESPONSES TO ORDER TO SHOW CAUSE is being served on counsel of record via CM/ECF on May 16, 2025.

Dated:  May 16, 2025 　　　　　　　　　　　　*/s/ Morris E. Cohen*
　　　　　　　　　　　　　　　　　　　　　　Morris E. Cohen
　　　　　　　　　　　　　　　　　　　　　　GOLDBERG COHEN LLP
　　　　　　　　　　　　　　　　　　　　　　1350 Avenue of Americas, 3rd Floor
　　　　　　　　　　　　　　　　　　　　　　646-380-2084 (telephone)
　　　　　　　　　　　　　　　　　　　　　　646-514-2123 (facsimile)
　　　　　　　　　　　　　　　　　　　　　　mcohen@goldbergcohen.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs-Appellees*